# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHELLEY MARKLE,

      Plaintiff,

      v.

DRUMMOND ADVISORS, LLC and
BJB PARTNERS, LLC

      Defendants.

Case No. 19-CV-2789

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

Plaintiff Shelley Markle sues Defendants Drummond Advisors, LLC (Drummond) and BJB Partners, LLC (BJB) for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207 (Count I) and the Illinois Minimum Wage Law, 820 ILCS 105/4a (Count II). BJB moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [22]. Drummond moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [24]. For the reasons explained below, this Court denies both motions.

## I.     Background

### A.     The Complaint's Allegations

Defendants Drummond and BJB operate building construction sites. [19] ¶ 10. According to Plaintiff, Drummond constitutes a wholly owned subsidiary of BJB. *Id.* ¶ 8. Plaintiff also claims that Defendants possess overlapping ownership, control,

and business activities, and that Drummond's principal business involved working on construction projects for BJB entities. *Id.* ¶¶ 51, 53.

In March 2017, Plaintiff applied for a construction project manager position for projects operated by Defendants; representatives for both Defendants interviewed her for the position. *Id.* ¶¶ 21, 23. Ultimately, Plaintiff received an employment offer, the terms of which she negotiated with Debra Tanzer, BJB's human resources director. *Id.* ¶¶ 23, 27. Plaintiff's offer reflected a fixed, bi-weekly salary in exchange for 45 hours of work per week. *Id.* ¶ 28. Plaintiff's employment began in April 2017 and continued until December 2018, when Defendants terminated her without cause, citing a "slow period of work." *Id.* ¶¶ 32, 34, 62.

Plaintiff asserts that, throughout her employment, she "customarily and regularly worked in excess of 40 hours in a workweek." *Id.* ¶ 36. Plaintiff documented her work hours in an Excel spreadsheet and used "ADP" to punch in and out. *Id.* ¶¶ 37–38. But despite working overtime, Plaintiff never received overtime wages. *Id.* ¶ 39. Plaintiff twice raised the issue with her direct supervisor to no avail, after which she approached her second-level supervisor, again unsuccessfully. *Id.* ¶ 40.

Plaintiff claims that both Defendants constituted her employers. *Id.* ¶ 7. In support of this claim, Plaintiff alleges that employees of both Defendants interviewed Plaintiff for the position. *Id.* ¶ 23. Drummond's president, who also serves as a BJB partner, possessed final authority over her employment offer; her offer letter described her employment objective as: "To provide management & ownership with complete confidence in the development department within Drummond Advisors and

BJB Properties." *Id.* ¶¶ 23, 25, 30. Plaintiff negotiated her employment with a BJB employee, and BJB administered her payroll and employee benefits plan. *Id.* ¶¶ 27, 59, 61. Finally, Plaintiff asserts that throughout her employment, BJB and Drummond maintained joint control over her hours, wages, job duties, and work activities. *Id.* ¶ 58.

Plaintiff brings this two-count suit, alleging that Defendants failed to pay her overtime wages in violation of both FLSA (Count I) and the IMWL (Count II). *Id.* ¶¶ 64–70.

## II.    Legal Standard

Under both Rules 12(b)(1) and 12(b)(6), this Court must construe the complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 772 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Id.* Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendants' motion under Rule 12(b)(6), the TAC must "state a claim to the relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Turning to Rule 12(b)(1), which seeks dismissal for lack of subject-matter jurisdiction, two types of Rule 12(b)(1) challenges exist—factual and facial—and they have a "critical difference." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Facial challenges "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id*. at 443. Factual challenges, however, lie where "the complaint is formally sufficient, but the contention is that there is *in fact* no subject matter jurisdiction." *Id*. at 444 (internal quotations omitted). Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction. *Id*.

## III. Analysis

BJB moves to dismiss, arguing that: (1) it does not constitute an "employer" under FLSA or IMWL; and (2) Plaintiff fails to sufficiently plead individual or enterprise coverage under FLSA. [23] at 3–13. Moreover, both BJB and Drummond contend that Plaintiff's overtime claims lack the requisite pleading specificity. *Id*. at 13–15; [25] at 2–4. This Court addresses each argument in turn below.

### A.  BJB: Employment Relationship

#### 1.  FLSA and IMWL "Employer"

Under FLSA and IMWL, liability for unpaid overtime wages extends only to an "employer." 29 U.S.C. § 207(a); 820 ILCS 105/4. Accordingly, plaintiffs only possess the right to sue current or former employers. *Berger v. Nat'l Collegiate*

*Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016); *Boyce v. SSP Am. MDW, LLC*, No. 19 C 2157, 2019 WL 3554153, at \*2–3 (N.D. Ill. July 31, 2019).

To determine whether an employment relationship existed, courts look to the "economic realities" of working relationship. *Simpkins v. DuPage Hous. Auth.*, 893 F.3d 962, 964 (7th Cir. 2018). To that end, courts in this district consider a variety of non-exhaustive factors, including: (1) the power to hire and fire; (2) supervision and control of employee work schedules or conditions of payments; (3) rate and method of payment; and (4) maintenance of employment records. *Eduarte v. Sliccily Pizza Pub, Inc.*, No. 18 C 3489, 2019 WL 2772528, at \*2 (N.D. Ill. July 2, 2019); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128 (N.D. Ill. 2017). No criterion–by itself or by its absence–is dispositive or controlling, and no set of factors constitutes the exclusive means of determination. *Simpkins*, 893 F.3d at 964–65. An employee may possess more than one employer at a time, *Falk v. Brennan*, 414 U.S. 190, 195 (1973), but for a joint-employer to exist, Plaintiff must demonstrate that each employer exercised the requisite control over her working conditions, *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2007).

BJB argues that Plaintiff fails to establish an employment relationship between itself and Plaintiff, moving under both Rules 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim. [23] at 3–11. BJB raises both facial and factual standing challenges under Rule 12(b)(1). *Id.* at 3–7. When evaluating the facial challenge, this Court considers whether Plaintiff's first amended complaint sufficiently alleges an employment relationship. *Boyce v. SSP Am. MDW, LLC*, No.

19 C 2157, 2019 WL 3554153, at \*2 (N.D. Ill. July 31, 2019); *Brown v. Club Assist Rd. Serv. U.S.*, Inc., No. 12 CV 5710, 2013 WL 5304100, at \*4 (N.D. Ill. Sept. 19, 2013). This analysis does not differ from the one under Rule 12(b)(6). *See Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015) (when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal's* plausibility requirement). This Court thus evaluates BJB's facial challenge and Rule 12(b)(6) arguments together, then turns to the factual challenge.

### 2. Rule 12(b)(1) Facial Challenge and Rule 12(b)(6)

In her amended complaint, Plaintiff alleges that her offer letter identified the objective of her position as providing "management & ownership with complete confidence in the development department within Drummond Advisers [sic] and BJB Properties." *Id.* ¶¶ 30, 52. BJB also took part in the decision to extend Plaintiff an employment offer and negotiated Plaintiff's salary. *Id.* ¶¶ 23–25, 57. Plaintiff additionally claims that BJB carried out payroll and human resources related to Plaintiff's employment, including maintaining her employment records. *Id.* ¶¶ 59, 61. And most importantly, Plaintiff alleges that BJB maintained joint control with Drummond over her hours, wages, and duties throughout her employment. *Id.* ¶ 58.

In sum, Plaintiff asserts that BJB possessed: (1) the power to hire and fire; (2) authority to determine the rate and method of payment; and (3) ability to maintain Plaintiff's employment records. In totality, these factors plausibly demonstrate that BJB exercised control over Plaintiff, and thus constitutes an "employer" under FLSA and IMWL. *Moldenhauer*, 536 F.3d at 644. This Court therefore denies BJB's

12(b)(1) facial challenge and 12(b)(6) motion for failure to sufficiently plead an employment relationship.

### 3.      Rule 12(b)(1) Factual Challenge

To assess the factual challenge, this Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *Silha*, 807 F.3d at 173. No presumptive truthfulness attaches to Plaintiff's allegations. *Apex*, 572 F.3d at 444. As such, after a defendant produces evidence challenging standing, the plaintiff bears the burden of proving, by a preponderance of the evidence, that standing in fact exists. *Id.*; *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 625 (7th Cir. 2017). Courts may also make factual findings in evaluating a factual challenge under Rule 12(b)(1). *Laurens*, 868 F.3d at 625. But where a standing issue remains intertwined with the merits of the case, courts may postpone that determination until later in the proceedings. *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("Maybe in some cases the jurisdictional issue will be so bound up with the merits that a full trial on the merits may be necessary to resolve the issue."); *see also Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 982 (N.D. Ill. 1997).

To support its factual challenge, BJB attaches two pieces of evidence: (1) a declaration from James Purcell, a "Member" of BJB; and (2) a copy of Plaintiff's paystub from September 2018. [23-1]; [23-2]. Purcell attests that BJB does not retain employees and that it conducts no business other than maintaining benefit plans. [23-1] ¶¶ 2, 3–8. Purcell also denies all of Plaintiff's allegations regarding the

relationship between Drummond and BJB, including that BJB owns Drummond and maintains Drummond's employment records. *Id.* ¶¶ 9–13. Finally, Purcell denies that BJB employed Plaintiff, and that it even interviewed or participated in the decision to hire Plaintiff. *Id.* ¶¶ 14–19. The other piece of evidence, Plaintiff's paystub, lists Drummond as her employer. [23-2] at 2–3.

Plaintiff offers several countervailing pieces of evidence of her own in response. First, she points to her written employment offer, which identifies her employment objective as to "provide management & ownership with complete confidence in the development department within Drummond Advisors and *BJB Properties*." [26-1] at 3 (emphasis added). She also provides documentation regarding her enrollment in various employee benefits plans, including the "BJB Partners, LLC 401(k) Plan." [26-2] at 5. Of note, the "Plan Highlights" section of that plan describes that an employee may withdraw money from the plan if she no longer "works for BJB PARTNERS, LLC." *Id.* at 28. Finally, Plaintiff attaches a 1095-B form from the Internal Revenue Service, documenting her employer-sponsored health insurance coverage. [26-3]. This form identifies her employer as "BJB PARTNERS, LLC." *Id.* at 2.

Viewed together, Plaintiff's evidence conflicts with BJB's, creating a genuine factual dispute about whether BJB did, in fact, constitute her employer. Indeed, Plaintiff's written employment offer reflects that BJB held itself out as her employer, as do her enrollments in certain benefit plans; these facts suggest that BJB held some control over Plaintiff's employment. On the other hand, BJB insists that it had no control over Plaintiff whatsoever.

The parties' dispute implicates not only standing, but also the merits of the case. Put simply, if BJB does not constitute Plaintiff's employer, then Plaintiff cannot prevail on the merits of her FLSA and IMWL claims. Because a factual dispute exists as to not only standing but the merits of Plaintiff's case, this Court provisionally finds that Plaintiff possesses standing and reserves the ultimate determination of standing until later in the proceedings when this Court may benefit from a fuller factual record. *See Crawford*, 796 F.2d at 929; *Gruen*, 955 F. Supp. at 982; *see also*, *e.g.*, *Kohler v. Flava Enterprises, Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 1597468, at *2 (S.D. Cal. Apr. 25, 2011) (denying Rule 12(b)(1) motion where a factual dispute implicated both the court's subject matter jurisdiction and the merits of the plaintiff's claim); *Nelson v. Stahl*, 173 F. Supp. 2d 153, 161 (S.D.N.Y. 2001) (when the contested basis for jurisdiction also constitutes an element of the plaintiff's claim, the court should not dismiss the claim for lack of subject matter jurisdiction). Accordingly, BJB's factual attack under Rule 12(b)(1) similarly fails at this stage of the litigation.

### B. BJB: FLSA Coverage

Next, BJB argues that Plaintiff fails to sufficiently plead both individual and enterprise coverage under FLSA. [23] at 11–13. FLSA only imposes overtime wage requirements for employees "engaged in commerce or in the production of goods for commerce," or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). Accordingly, Plaintiff must either be an *individual* covered by FLSA, or work for an *enterprise* covered by the FLSA. *Macias v. All-Ways, Inc.*, No. 16-CV-6446, 2017 WL 2278061,

at *2–3 (N.D. Ill. May 25, 2017); *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 790 (N.D. Ill. 2011). BJB argues that Plaintiff has not pled sufficient facts to establish either type of FLSA coverage. [28] at 11–12.

### 1. Enterprise Coverage

Enterprise coverage exists where the employer (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) demonstrates at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A); *see also Kim v. Korean News of Chicago, Inc.*, No. 17 C 1300, 2020 WL 469314, at *2 (N.D. Ill. Jan. 29, 2020). The term "commerce" in this context refers to interstate commerce. *See* 29 U.S.C. § 203(b); *Aranda v. J Vega's Constr., Inc.*, No. 17 C 7886, 2018 WL 3232790, at *2 (N.D. Ill. July 2, 2018).

An employer meets the first prong of the test if it retains employees that "used tools and accessories that were manufactured in other states and transported to Illinois." *Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16 CV 10389, 2017 WL 2311231, at *3 (N.D. Ill. May 26, 2017) (quoting *Cardenas v. Grozdic*, No. 12 C 292, 2012 WL 2359399, at *3 (N.D. Ill. June 20, 2012)). Here, Plaintiff alleges that she "used tools and equipment that were manufactured in other states and transported to Illinois, including hand tools, scissor lifts, and water pumps." [19] ¶ 15. This allegation sufficiently establishes the first prong of enterprise coverage. *See, e.g.*, *Cardenas*, 2012 WL 2359399, at *3 (allegation that the plaintiff "used tools and

accessories" manufactured in other states and transported to Illinois sufficed to establish the first prong of enterprise coverage).

As to the second prong, BJB contends that Plaintiff "fails to plead what portion of that [$500,000], or if any of that [$500,000] alleged volume of sales or business done was attributable to BJB Partners." [23] at 12. Not so. Plaintiff alleges that *each* Defendant grossed in excess of $500,000 annually. [19] ¶ 11. Therefore, Plaintiff pleads sufficient facts to establish both prongs of enterprise coverage under FLSA.

### 2.     Individual Coverage

Even if Plaintiff did not adequately plead enterprise coverage, she sufficiently alleges individual coverage. Individual coverage exists if the employee's work so "directly and vitally relates to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it." *Martinez v. Manolos Tamales, Inc.*, No. 14 C 9686, 2015 WL 5144024, at *1 (N.D. Ill. Aug. 31, 2015) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)). Employees are individually covered if in the performance of their duties, they regularly handle interstate mail and phone calls, or receive or handle goods or materials from or destined for out-of-state sources. *Kim v. Hopfauf*, No. 1:15-CV-9127, 2017 WL 85441, at *2 (N.D. Ill. Jan. 10, 2017).

Here, Plaintiff alleges that she regularly and repeatedly used channels of interstate commerce in her work, including sending and receiving interstate emails and making and receiving interstate phone calls; for example, she worked with a Wisconsin manufacturer to purchase and deliver project materials. [19] ¶ 15. These

allegations plausibly establish that Plaintiff used channels of interstate commerce herself, thus demonstrating the availability of individual coverage in this case. *Kim*, 2017 WL 85441, at *2.

### D.    BJB and Drummond:  Overtime Pay

Finally, both Defendants argue that Plaintiff fails to state a claim under either the FLSA or the IMWL because she does not specifically detail the amount of overtime that she worked.  [23] at 13–15; [25] at 2–4.  This Court disagrees.

FLSA and IMWL contain similar overtime requirements, so courts analyze overtime claims for both statutes under the same framework.  *Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507, at *1 (N.D. Ill. Mar. 17, 2015) (citing 29 U.S.C. §§ 206(a), 207(a)(1); 8210 ILCS 105/4a).   To state a claim for failure to pay overtime under FLSA and IMWL, a plaintiff must allege forty hours of work as to each workweek, as well as some uncompensated time in excess of forty hours.  *Parks v. Speedy Title & Appraisal Review Servs.*, 318 F. Supp. 3d 1053, 1069 (N.D. Ill. 2018); *Lucero v. Leona's Pizzeria, Inc.*, No. 14 C 5612, 2015 WL 191176, at *2 (N.D. Ill. Jan. 13, 2015).  To survive a motion to dismiss, plaintiffs need not plead "infinitesimal details" but must provide "some specific facts to ground" their claims.  *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019) (internal quotation marks omitted).

Plaintiff alleges that she "customarily and regularly worked in excess" of 40 hours per week throughout her employment between April 2018 and December 2018. [19] ¶¶ 35–36.  She further alleges that she received no compensation for any

overtime hours worked, despite repeated attempts to raise the issue with her direct and second-level supervisors. *Id.* ¶¶ 39–40. And finally, Plaintiff claims she used an Excel spreadsheet to track her overtime hours. *Id.* ¶ 38. While not overwhelming in detail, Plaintiff's allegations that she regularly worked in excess of 40 hours a week, that she raised the issue with her supervisors, and kept an Excel spreadsheet documenting her overtime hours renders her overtime claims plausible at this stage. *See, e.g.*, *Brown*, 2013 WL 5304100, at *6 (finding allegations sufficient to state an overtime claim where plaintiffs asserted that "since July 2009, they have worked an average of 85 hours per week but have not been properly compensated for that time."); *Diaz v. E&K Cleaners, Inc.*, No. 16-CV-07952, 2018 WL 439120, at *2 (N.D. Ill. Jan. 16, 2018) (overtime claims adequately pled where the complaint alleged that the "plaintiffs worked 60–72 hours each week" and "their hourly rate of pay" remained the same "no matter how many hours they worked"). This Court thus denies Defendants' motions on this point.

## IV. Conclusion

For the reasons stated above, this Court denies Defendants' motions to dismiss [22] [24]. This Court sets a case management conference for March 11, 2020 at 10:15 a.m., at which time the parties shall come prepared to set remaining dates for the life cycle of the case.

Dated: February 18, 2020

Entered:

John Robert Blakey
United States District Judge