IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHELLEY MARKLE | ) | |
| | ) | District Judge: Hon. John Robert Blakey |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:19-cv-02789 |
| | ) | |
| DRUMMOND ADVISORS, LLC and SEAN BARRY | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR BILL OF COSTS**

NOW COMES Defendants, by and through their attorneys and pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1 of the Northern District of Illinois, submit this Memorandum of Law in support of their Bill of Costs, and state as follows.

**INTRODUCTION**

On September 30, 2022, the Court granted summary judgment for Defendants and subsequently entered judgment for Defendants. (ECF Nos. 164-166.) Now, having prevailed on all of Plaintiff's claims, Defendants respectfully request an award of $4440.25 in costs necessarily incurred in this case.

**ARGUMENT**

**I. As The Prevailing Parties Defendants Are Entitled to Recover Costs Under Rule 54(d).**

Federal Rule of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). "'There is a presumption that the prevailing party will recover

costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate.'" *Wilson v. Career Edu. Corp.* No. 11-cv-5453, 2016 WL 1719770 (N.D. Ill. Apr. 29, 2016) (quoting *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)). As Defendants are the prevailing parties here and the costs were necessary and appropriate as set forth below, costs should be taxed against Plaintiff as submitted.

    **II.    Defendants Are Entitled To Recover Their Costs Pursuant to Rule 54 and Local Rule 54.1.**

Allowable costs are set forth by 28 U.S.C. §1920 and Local Rule 54.1. These costs include the costs of deposition transcripts and court reporter fees, as long as the costs were "'necessarily obtained for use in the case.'" *See Wilson*, 2016 WL 1719770, at *2 (quoting 28 U.S.C. §1920(2)).

*Court Reporter Appearance Fees*

The first appearance fee charged is with regard to Plaintiff's deposition. The cost is reduced herein to the $220.00 for a full day attendance set forth in the Local Rules. Included is also an additional $78.75 for one hour of an overtime appearance, which was necessary due to bad connections of the court reporter during the remote deposition resulting in a prolonged process.

Further, the court reporter selected by Plaintiff's counsel charged a virtual appearance fee that it would not reduce or remove when obtaining originals and/or copies of the transcript referred to as "GoGreenScripts Lit Package" and "MLV Connect Access". These fees are reflected on the itemization of costs and are less than maximum allowed for court reporter appearance fees.

*Expedited Fees*

Plaintiff's deposition transcript was ordered on an expedited basis—and charged based on a 6-day delivery. The rate included herein is reduced to reflect the rate of $4.85 for the Expedited Transcript (7-Day) set forth by the Local Rules. It was necessary for Defendant Drummond to order Plaintiff's deposition transcript on an expedited basis as fact discovery was set to close at

the time on April 12, 2021 (ECF No. 70), within 30 days of taking Plaintiff's deposition on March 12, 2021. Defendant Drummond required time to receive, review the transcript, and decide whether further discovery was needed from Plaintiff based on her testimony.

Barry's deposition transcript was also ordered on an expedited basis—and charged based on a 4-day delivery. At the time Plaintiff took Barry's deposition on August 31, 2021, fact discovery was set to close only three days later on September 3, 2021. (ECF No. 94.) Further, at the time of ordering the deposition transcript, Defendant Drummond Advisors' Motion for Summary Judgment was due only 20 days later on September 20, 2021. (ECF No. 88.) Thus, the expedited delivery was necessary to receive the transcript in time to prepare Defendant Drummond's Motion for Summary Judgment. *See Roney v. Illinois Dept. of Transp.*, No. 99-cv-4941, 2007 WL 1100751, at *4 (N.D. Ill. Apr. 12, 2007) ("The determination of necessity with respect to § 1920(2) must be made in light of the facts known at the time of the deposition." (internal quotations and citations omitted)).

Further due to certain questions regarding confidential information of third parties not parties to this lawsuit, a portion of Barry's transcript was marked and agreed to as confidential. However, due to "minimum fees" charged by Magna Legal Services (selected by Plaintiff), Defendants were charged a "minimum transcript fee" for the confidential portion of the document, which the reporting service refused to remove or reduce. As such, the costs outlined in Defendants' Bill of Costs should be taxed against Plaintiff as submitted.

*Exhibits*

Although Defendants recognize that in some instances the costs for copies of exhibits are not permitted, in this instance the costs for exhibits on the depositions taken by Plaintiff were necessary as Defendants produced a plethora of emails and related documents in raw (not bates

stamped) form—at Plaintiff's counsel's request. As such, Defendants did not have a copy of the versions of those documents bates stamped by Plaintiff and used by Plaintiff at the depositions, as Plaintiff's counsel did not provide such during the course of discovery nor prior to the deposition. Therefore, a copy of the exhibits from the depositions taken by Plaintiff—which included all depositions except Plaintiff's—were reasonable and necessary and not simply for convenience. *See Vega v. Chicago Park Dist.*, 13-cv-451, 2020 WL 4053821, at *13 (N.D. Ill. July 20, 2020).

WHEREFORE, Defendants respectfully request that the Court enter an order taxing costs as set forth in Defendants' Bill of Costs.

Date: October 13, 2022　　　　　　　　Respectfully submitted:

**DRUMMOND ADVISORS LLC and
SEAN BARRY**

By: /s/ Stephanie M. Dinkel
　　　Stephanie M. Dinkel, Esq.


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 10, 2022, she electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR BILL OF COSTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Marni Willenson　　　　　　Email: marni@willensonlaw.com
Willenson Law, LLC
3420 W. Armitage Ave.
Suite 200
Chicago, Illinois 60647

　　　　　　　　　　　　　　　　　　/s/ Stephanie Dinkel
　　　　　　　　　　　　　　　　　　Stephanie M. Dinkel, Esq